| 80 | 95 |
| 83 | 371 |
| 80 | 95 |
| 128 | 570 |
| 128 | 571 |

# Taylor, Executor, &c., of Barnes, *versus* Kelly.

1. In an action against an executor for debt of testator the wife of a residuary legatee is not competent, under the Act of April 15th 1869, to testify for the defendant as to matters occurring in the life of the testator.

2. The competency conferred on a witness by the enacting clause of the Act of 1869, is taken away by the proviso where an executor is a party.

3. The incompetency of the wife to testify in the interest of her husband, in a suit against an executor, stands as if the Act of 1869 had not been passed.

4. Dellinger's Appeal, 21 P. F. Smith 425; Diehl *v.* Emig, 15 Id. 320; Gyger's Appeal, 24 Id. 48; Karns *v.* Tanner, 16 Id. 297; Pattison *v.* Armstrong, 24 Id. 476, compared.

November 17th 1875. Before AGNEW, C. J., SHARSWOOD, WILLIAMS, MERCUR, GORDON, PAXSON and WOODWARD, JJ.

Error to the Court of Common Pleas of *Lawrence county :* Of October and November Term 1875, No. 144.

This was an action of assumpsit, brought March 20th 1873, by William Kelly against Samuel Taylor, executor, &c., of Henry Barnes, deceased.

The cause of action in this case was a claim by the plaintiff for boarding the testator for a number of years previously to his death.

The case was tried February 11th 1875, before McJunkin, P. J.

The plaintiff gave evidence to sustain his claim.

The defendant, Samuel Taylor, the executor, being also the husband of the testator's daughter, who was a residuary legatee under her father's will, was offered as a witness. The plaintiff objected to the competency of the witness to testify to any matter occurring in the lifetime of the testator.

Mrs. Barnes, the wife of Henry Barnes, a son of the testator, the son being a residuary under the will, was also offered. The plaintiff made the same objection to this witness as to the other.

[Taylor *v.* Kelly.]

The court refused to allow either to testify as to the matters objected to and sealed several bills of exception.

The verdict was for the plaintiff for $1388.87.

The defendant took a writ of error, and assigned for error the refusal to allow the witnesses to testify, as stated in the objections.

*R. B. McComb* (with whom was *J. McMichael*), for plaintiff in error.—Mrs. Barnes standing alone had no interest. The policy of the law has been to exclude husband or wife as a witness when the other had an interest, but this policy is removed by the Act of April 15th 1869, section 1st, Pamph. L. 30, 1 Br. Purd. 624, pl. 16, which declares that no policy of the law shall exclude a person from being a witness; the proviso does not affect a husband or wife called to testify for each other: Dellinger's Appeal, 21 P. F. Smith 425.

*D. B. Kurtz* (with whom was *E. T. Kurtz*), for defendant in error.—The rule excluding the testimony of husband and wife for each other is one of interest as well as policy: 1 Greenl. Ev. 329, 334. The construction of a statute should approach as near as possible to the common law: Stowel *v.* Zouch, Plowden 365; Heyden's Case, 3 Rep. 7; 1 Kent's Comm. 464, 465. The safest rule to reach the intention of a law is to adhere to the words: Olmstead's Case, Brightly's Rep. 9; Packer *v.* Sunbury & Erie Railroad Co., 7 Harris 220.

Mr. Justice MERCUR delivered the opinion of the court, November 22d 1875.

The assignments of error are to the rejection of two witnesses. One is the husband of a daughter, the other is the wife of a son of the testator. The wife of the former, and the husband of the latter, are interested in the estate.

Unless the witnesses were made competent by the Act of 15th April 1869, they are clearly incompetent to testify to the matters for which they were offered. This is conceded. Their competency is sought to be established by the first section of that act. It declares "no interest nor policy of law shall exclude a party or person from being a witness in any civil proceeding: Provided, this act shall not alter the law as now declared and practised in the courts of this Commonwealth so as to allow husband and wife to testify against each other, nor counsel to testify to the confidential communication of his clients." If the proviso ended there, the witnesses would have been competent in behalf of the plaintiff in error, as to matters which occurred in the lifetime of the testator; but it further proceeds to declare " this act shall not apply to actions by or against executors, administrations or guardians, nor where the assignor of the thing or contract in action may be dead,

[Taylor *v.* Kelly.]

excepting in issues and inquiries *devisavit vel non*, and others, respecting the right of such deceased owner, between parties claiming such right by devolution, on the death of such owner."

Thus it appears the same imperative "shall not apply" extends to a case in which an executor is a party, as to the prohibition of husband and wife from testifying against each other, and counsel to the privileged communication of his client. The language is neither doubtful nor obscure. Its clear and mandatory edict takes all these cases out of the statute. Evans *v.* Reed, 28 P. F. Smith 415, decided at the present term, was a case in which the action had been brought between parties in their own right. On a former trial both parties had testified and their evidence had been reduced to writing. On a subsequent trial, after the death of one of the parties and the substitution of his administratrix, we held the testimony of the decedent thus taken might be given in evidence. We considered it substantially as a deposition taken when the party was competent, which is expressly authorized by the third section of the act. That action was not brought by or against an executor or administrator. The party was clearly a competent witness when the testimony was taken.

The present action was brought against an executor. It was on a contract claimed to have been made with his testator. The right of the witnesses to testify is rested on this Act of 1869. It is urged inasmuch as it declares "no interest nor policy of law shall exclude a party or person from being a witness," and the witnesses offered not being directly interested in the event of the suit, they cannot be excluded by the policy of the law. Prior to the enactment of this statute, both interest and policy excluded husband and wife from testifying for and against each other.

We must not overlook the fact that all competency imparted to any witness, by the enacting clause of the 1st sect., is entirely taken away by the proviso, in case an executor is a party to the action. It would be no more clearly in the face of the statute to hold that husband and wife may testify against each other, than that they may testify in their own favor, when an executor is a party to the action, to events which transpired during the life of the testator. Each is prohibited by the same expressive language. The same clause in the enactment made both husband and wife equally competent. The same prohibition in the proviso made them both incompetent to testify in behalf of each other, when an executor is a party.

The language of the statute requires no acuteness to interpret it. It utters no uncertain sound. Any attempt to define its meaning cannot make it more clear. We have no right to assume the legislature did not intend what they have so distinctly and imperatively declared. We must not search for some occult mean-

30 P. F. Smith—7

[Taylor *v.* Kelly.]

ing, as if the language was obscure. We must yield to its language, so clearly expressed, its natural force and effect.

The subject-matter about which the witnesses were called to testify, is not within the exception to the proviso. It is not the settlement of a claim of right that passed by devolution of the estate. The incompetency of the witnesses in this case stands as if this act had never been passed.

When the legislature sought to qualify this statute, as they did by the 1st sect. of the Act of 9th April 1870, they restricted the right of a party to testify to matters only which occurred after the death of the person whose estate was represented on the trial.

The conclusion to which we have arrived is sustained by Diehl *v.* Emig, 15 P. F. Smith 320. That was an action by a daughter against the executor of her father's will. It was held her husband was not a competent witness to testify to matters occurring in her father's lifetime. It is also in accord with the spirit and reasoning of Karns *v.* Tanner, 16 P. F. Smith 297, and of Pattison *v.* Armstrong *et al.*, 24 Id. 476. It is true, the conclusion to which we have arrived is in conflict with Dellinger's Appeal, 21 P. F. Smith 425; but a more careful examination of the act convinces us that due consideration was not then given to its provisos. It may be said, however, that Dellinger's Appeal was not a common-law action by or against an executor, but the distribution of a fund in the Orphans' Court. It was, however, held in McBride's Appeal, 22 P. F. Smith 480, that the word "actions" as used in the proviso, was intended to embrace civil proceedings, whatever their form, as well as actions technically, so called. An action is the lawful demand of one's right in a court of justice. So in Gyger's Appeal, 24 P. F. Smith 48, it was held that a distributee is not a competent witness, in the distribution of a decedent's estate, as to matters occurring in the lifetime of the decedent.

A true enforcement of the statute of 1869 requires us to hold that it means what it says, when it declares, " this act shall not apply to actions, by or against executors, administrators or guardians." We see nothing in the letter, nor in the spirit of the act, so far as it applies to husband and wife, to make one competent, when the other is incompetent. It therefore follows the learned judge was entirely correct in excluding the witnesses.

Judgment affirmed.

Chief Justice AGNEW and Mr. Justice SHARSWOOD, dissented.