## 566 JOHN R. BITNER, EXR., v. GEORGE S. BOONE.

### ERROR TO THE COURT OF COMMON PLEAS OF LANCASTER COUNTY.

Argued May 23, 1889—Decided October 7, 1889.

[To be reported.]

On account of the identity of interest of husband and wife, when one of them is incompetent to testify as a witness, the other also is incompetent: Section 1, act of April 15, 1869, P. L. 30; § 5, par. (e), act of May 23, 1887, P. L. 158.

Before STERRETT, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 64 July Term 1889, Sup. Ct.; court below, No. 29 September Term 1887, C. P.

On August 24, 1887, George S. Boone brought assumpsit against John R. Bitner, executor of the last will and testament of James Boone, deceased, to recover compensation for services alleged to have been rendered by the plaintiff to the defendant's testator in his lifetime, and for expenses alleged to have been incurred in connection with the rendering of said services. The defendant's pleas were non-assumpsit and the statute of limitations.

At the trial on November 27, 1888, among other witnesses Mrs. Annie Boone, wife of the plaintiff, was offered to testify in support of the plaintiff's services.

Objected to, on the ground that the proposed witness was incompetent.

By the court: Objection overruled; exception.[1]

Mrs. Boone was then sworn as a witness and testified to various matters relating to the plaintiff's claim and occurring in the lifetime of James Boone, the testator. A number of other witnesses having testified for the plaintiff and defendant respectively, the court, PATTERSON, J., at the conclusion of the testimony, submitted to the jury the questions whether services had been performed for the testator by the plaintiff, and, if so, how much those services were fairly worth.

The jury rendered a verdict for the plaintiff in the sum of $1,600. The defendant having moved for a new trial, the court, PATTERSON, J., after argument made an order directing that the rule for a new trial be discharged upon the plaintiff's filing a remittitur for all of the verdict in excess of $1,200, otherwise the rule to be made absolute. The plaintiff then filed a remittitur in accordance with the order of the court and judgment was entered on the verdict, whereupon the defendant took this writ, specifying inter alia, that the court erred:

1. In permitting the wife of the plaintiff to testify as to matters occurring in the lifetime of the defendant's testator.[1]

*Mr. A. C. Reinœhl* and *Mr. J. Hay Brown*, for the plaintiff in error:

The court admitted the testimony of Mrs. Boone on the ground that she was rendered competent by the act of May 23, 1887, P. L. 158. But this act does not change the rule laid down in Taylor v. Kelly, 80 Pa. 95, under which neither husbands nor wives are competent to testify for each other in support of claims against the estate of a decedent.

*Mr. B. F. Davis*, for the defendant in error:

A careful examination of the opinion of Mr. Justice MERCUR, in Taylor v. Kelly, 80 Pa. 95, will show that under the act of April 15, 1869, P. L. 30, in a case like this a wife might be a witness for her husband. In § 4, act of May 23, 1887, P. L. 158, we find an enacting clause similar to that of the act of 1869, and by parity of reasoning the wife is clearly competent for her husband under the later act. The point was so ruled in Levan

v. Bickel, 5 Pa. C. C. R. 610, by the Common Pleas of Berks. county. See also Sahms v. Brown, 4 Pa. C. C. R. 488, where THAYER, P. J., held that under these two acts husband and wife may testify for, though not against each other. Especially should this be so since the passage of the Married Persons Property Act of June 3, 1887, P. L. 332, § 4 of which gives to husband and wife the same civil remedies upon contracts in their own name and right as unmarried persons.

OPINION, MR. JUSTICE CLARK:

This action was brought by George S. Boone against John R. Bitner, executor of the last will and testament of James Boone, deceased, to recover for personal services rendered to the decedent in his lifetime. At the trial of the cause the plaintiff called his wife, Mrs. Annie Boone, who was permitted to testify to matters occurring in the lifetime of the decedent. Her competency having been objected to, and an exception taken, the defendant's counsel has assigned this action of the court for error. The cause having been tried since the passage of the act of May 23, 1887, P. L. 158, the question of her competency must be determined upon a construction of that act.

It was a general rule at common law that when the wife was interested, the husband was not a competent witness to testify, either for or against her interest. The converse of this rule was equally true, and the wife was not competent to testify in her husband's behalf; nor could she be called to testify against him: Pipher v. Lodge, 16 S. & R. 214; Pringle v. Pringle, 59 Pa. 283. By the first section of the act of 1869, however, it was provided that "no interest nor policy of law shall exclude a party or person from being a witness in any civil proceeding; provided, that this act shall not alter the law as now declared, etc., so as to allow husband and wife to testify *against* each other," etc. Whilst by this provision a wife remained incompetent as a witness to testify *against* her husband, she was rendered competent to testify for him: Yeager v. Weaver, 64 Pa. 425; Ballentine v. White, 77 Pa. 20. But by the same section it was further provided, that "this act shall not apply to actions by or against executors, administrators, or guardians, nor where the assignor of the thing or contract in action may be dead, except," etc. By this second clause of the proviso, the competency of the wife to testify in *favor* of her husband was

stricken down, in actions by or against executors, etc.; and in all that class of cases the law practically remained as if the act of 1869 had not been passed. The act, it would seem, was not so understood at first: Dellinger's App., 71 Pa. 425; but this was the construction which was ultimately placed upon it: Taylor v. Kelly, 80 Pa. 95. It is plain, then, that under the act of 1869 the witness, Mrs. Boone, would have been incompetent for the purpose offered.

The act of May 23, 1887, provides that no liability for costs, nor right of compensation, nor any interest in the question, "nor any other interest or policy of the law," shall, in any civil proceeding, etc., render any person incompetent as a witness, except as provided in section five of the same act. Referring to section five we find at clause (b) that neither husband nor wife is competent to testify to confidential communications made to the other, unless the privilege is waived; and at clause (c) that neither is competent to testify against the other except in certain cases, which are specified. From this it is clear that the husband and wife may testify each in favor, but not against the other, as heretofore, excepting as stated in clause (b). In clause (e), however, it is provided that where any party to a thing or contract in action is dead, etc., and his right thereto or therein has passed, either by his own act or the act of the law, to a party on the record who represents his interest in the subject in controversy, the surviving or remaining party to such thing or contract shall not, nor shall any other person whose interest shall be adverse to the said right of said deceased, be a competent witness to any matter occurring before the death of the decedent unless, etc. Under this clause it is clear that George S. Boone himself would not be competent to testify to any matter occurring in the lifetime of James Boone, deceased. He is not only the surviving or remaining party to the thing or contract in action, but he is a person whose interest is adverse to the decedent's right. His wife was not a party to the thing or contract in action, and was not rendered incompetent on that ground, but was she a person whose interest is adverse within the meaning of the act of 1887? Can she be considered a competent witness, when upon the ground of interest her husband is incompetent?

Mr. Greenleaf, in his Law of Evidence, § 334, says that the

common law exclusion of husband and wife from being witnesses in any cause where the other is a party, is founded partly on the identity of their legal rights and interests, and partly on principles of a public policy affecting the marital relation. In Phillipps on Evidence, 78, it is said: "The reason for excluding the husband and wife from giving evidence either for or against each other is founded partly on their identity of interest, and partly on a principle of public policy which deems it necessary to guard the security and confidence of private life, even at the risk of an occasional failure of justice. They cannot be witnesses for each other, because their interests are absolutely the same; they are not witnesses against each other, because this is inconsistent with the relation of marriage, and the admission of such evidence would lead to disunion and unhappiness and, possibly, to perjury." This is quoted with approval in Hitner's App., 54 Pa. 117. " Prior to the enactment of this statute " (1869), says Justice MERCUR, in Taylor v. Kelly, 80 Pa. 97, " both interest and policy excluded husband and wife from testifying for and against each other." Notwithstanding the remark of Mr. Justice SHARSWOOD, in Pringle v. Pringle, 59 Pa. 288, to the contrary, we think this rule of exclusion is founded upon the two-fold consideration of interest and policy. If the husband must be excluded on account of interest, so also must his wife be excluded on account of her unity of interest with him. Although each may not be said to have any direct interest during coverture, she has, nevertheless, an indirect interest derivative from her husband, and so presently joined with his, as at all periods in the history of the law placed her in the attitude of an interested person, in cases where her husband's rights came into controversy. So closely connected in interest are they, that in equity, in controversies affecting the interests of either, the testimony of both is considered as the testimony of one person only : Sower v. Weaver, 78 Pa. 443. If the legislature had intended to change the law in this respect, against the theory of both the common and the statute law and the habits of centuries, it is reasonable to suppose that the change would not have rested upon any mere implication, but would have been expressed in plain words. We are of opinion that Mrs. Annie Boone was an incompetent witness, and upon this ground,

The judgment is reversed, and a venire facias de novo awarded.