## Mary A. Poundstone, Devisee of George W. Poundstone, Appellant, v. Eliza Jones.

*Married women—Evidence—Competency of wife as witness—Ejectment.*

In an action of ejectment against a widow brought by a purchaser at sheriff's sale under a judgment against the defendant's deceased husband, the defendant is a competent witness to testify, in support of her title, not only that the land was purchased in her own name and paid for out of her separate estate, but also to the manner by which she acquired the means to pay for the property.

Argued May 10, 1898. Appeal, No. 158, Jan. T., 1898, by

plaintiff, from judgment of C. P. Fayette Co., Sept. T., 1889, on verdict for defendant. Before STERRETT, C. J., GREEN, MITCHELL, DEAN and FELL, JJ. Affirmed.

Ejectment for a lot of ground in the borough of Bridgeport. Before REPPERT, J.

At the trial, the court under objection and exception admitted the testimony of defendant as delivered by her on a former trial of the case. [1]

For the purpose of showing that defendant had a separate estate, the court admitted under objection and exception evidence that she had received life insurance money on a policy on the life of her husband, part of which she had testified that she had paid for the property in controversy. [2, 3]

The court also admitted under objection and exception testimony which tended to show that the defendant had purchased and paid for the property. [4, 5]

Plaintiff's points and the answers thereto among others were as follows:

3. The defendant's evidence in this case is not of that high, rigid, conclusive and satisfactory character, necessary to sustain a verdict in her favor, for the premises in dispute. *Answer:* This is refused. [7]

4. The evidence of the defendant, not being competent, is not to be considered by the jury. *Answer:* This is refused. [8]

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* among others were (1–5) rulings on evidence, quoting the bill of exceptions; (7–8) above instructions quoting them.

*Edward Campbell*, for appellant.—The defendant was an incompetent witness: Royer v. Boro. of Ephrata, 171 Pa. 429; Jack v. Kintz, 177 Pa. 571; Irwin v. Nolde, 164 Pa. 205.

Nothing but the payment of all of the purchase money of the property in dispute could by any possibility give her a title which in this case could prevail against the appellant: Bradford's Appeal, 29 Pa. 513; Steckman v. Schell, 130 Pa. 5; Pier v. Siegel, 107 Pa. 508; Gamber v. Gamber, 18 Pa. 363; Bollinger v. Gallagher, 170 Pa. 84; Bower's Appeal, 68 Pa. 126;

Winter v. Walter, 37 Pa. 155 ; Rhoads v. Gordon, 38 Pa. 277 ; Gault v. Saffin, 44 Pa. 307 ; Baringer v. Stiver, 49 Pa. 159.

*D. M. Hertzog*, for appellee.—Defendant was competent: Young v. Senft, 153 Pa. 352 ; Rowley v. McHugh, 66 Pa. 269 ; Royer v. Boro. of Ephrata, 171 Pa. 429 ; McCutcheon's App., 99 Pa. 137.

The case was for the jury: School Furniture Co. v. Warsaw School District, 122 Pa. 501 ; O'Hara v. Mut. Aid Soc., 134 Pa. 423 ; Werner v. Zierfuss, 162 Pa. 368 ; Campe v. Horne, 158 Pa. 512 ; Dumbach v. Bishop, 183 Pa. 606 ; Martin v. Gernandt, 19 Pa. 124.

OPINION BY MR. JUSTICE FELL, July 21, 1898 :

The notes of the testimony of the defendant taken at a former trial were offered on the ground that she had become incompetent to testify by reason of the death of the original plaintiff in the action, and they were objected to on the ground that she was not a competent witness at the former trial.   The question raised by the offer and the objection was whether the defendant in the trial of an action of ejectment brought by the purchaser at sheriff's sale under a judgment against the husband who was then deceased was a competent witness in support of her title.   Her title was in controversy.   She had not derived the title from her husband, but by purchase in her own name, and the issue was whether she had paid for the property with her separate estate.   In Rowley v. McHugh, 66 Pa. 269, it was held that in an action of ejectment by husband and wife in the right of the wife against a defendant who claimed title under a sheriff's sale of the land as the property of the husband, the wife was a competent witness under the act of 1869.   It was said in the opinion : " Here the wife was not called to testify against the husband, but in her own behalf.   The ejectment was in her own right, and the husband was only a nominal party to the proceeding.   If he had any interest in the event of his wife's recovery, it was contingent, and on the side of the wife.   The argument that the wife was called to testify against the husband, because the defendant claimed title under the sheriff's sale of the land as the husband's property, has no foundation for its support."   The same

question was raised in Young v. Senft, 153 Pa. 352, and the decision in favor of the competency of the wife was put upon the ground that she was not called to testify against the title of her husband, but in favor of her own.

There is nothing in the remaining assignments which need be noticed. It was certainly competent for the defendant to show how she acquired the means to pay for the property, and there was sufficient testimony which, if believed by the jury, sustained her contention. This testimony was of such a character that it could not have been withdrawn from the jury, and it was submitted in a charge which very clearly and fully presented the issue raised.

The judgment is affirmed.