## Samuel Heilner, Appellant, v. The Falls Coal Company, Limited, and Howard Strang.

*Opening judgment—Evidence—Oath against oath—Discretion of court.*

The legal proposition that, in order to have a judgment opened a prima facie meritorious defense must be established by something more than oath against oath is undoubtedly correct, and if nothing more be shown it is the duty of the court to discharge a rule to open judgment.

*Petition to open judgment—Presumption in default of answer—Practice, C. P.—Discretion of court.*

Where no answer is filed to a petition to open judgment, as required by the rules of court, the averments of the petition must be taken as admitted for the purposes of the rule, and the court has a right to make the rule absolute if satisfied with the sufficiency of the petition which is a matter for the discretion of the court below with which discretion as exercised the appellate court will not interfere.

Argued Oct. 11, 1898. Appeal, No. 107, Oct. T., 1898, by plaintiff, from order of C. P. No. 3, Phila. Co., Sept. T., 1895, No. 649, making absolute a rule to open judgment. Before RICE, P. J., ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Rule to open judgment. Before GORDON, J.

It appears from the record that judgment was entered on single bill dated October 7, 1895, for $805.24. Execution was issued and returned nulla bona. On May 9, 1898, alias fi. fas. were issued with attachment executions attaching rent in the hands of a number of tenants of Howard Strang. On May 17, 1898, Howard Strang filed the following petition to open judgment:

" That, on or about September 10, 1895, Samuel Heilner, above-named plaintiff, held a claim against the Falls Coal Com-

pany, Limited, of which the said Howard Strang was secretary and treasurer.

" That the said Samuel Heilner threatened suit against the said Falls Coal Company, Limited, and this deponent knew the Falls Coal Company, Limited, owed the said Samuel Heilner the sum of eight hundred and five dollars and twenty-four cents ($805.24), and he agreed as its secretary in order to save the expense and trouble of a suit to confess judgment to the said Samuel Heilner against the Falls Coal Company, Limited, for the sum which was due him by the said Falls Coal Company, Limited.

" That when he, the said Howard Strang, signed the note, he neglected to place thereon after his signature, his title as secretary and treasurer of the said Falls Coal Company, Limited, he being in the habit of stamping the words " Falls Coal Company, Limited," on the first line, leaving a blank line for his name, under which it would stamp " Secretary and Treasurer." When he signed the judgment note in suit, it was well understood that he assumed no personal liability for said note, and he merely signed his name in his official capacity as secretary and treasurer, in order to make the note good against the Falls Coal Company, Limited.

" He therefore prays the court will open the judgment and let him prove the facts above stated before a jury."

The judgment note was printed in appendix of appellee's paper-book as follows:

$ 805 24/100

Phila. Sep. 10th 1895

One day after date, we promise to

Pay to the order of Samuel Heilner

Eight hundred and five    24 Dollars, 100

without defalcation, value received, with interest. And further, we do hereby authorize and empower any Attorney of any Court of Record of Pennsylvania, or elsewhere, to appear for and to enter Judgment against us for the above sum, with or without declaration, with costs of suit, release of errors, without stay of execution, and with 5 per cent. added for collecting fees; and we also waive the right of inquisition on any real estate that may be levied upon to collect this note, and do hereby voluntarily condemn the same, and authorize the Prothonotary to enter upon the FI. FA. OUR said voluntary condemnation, and further agree that said estate may be sold on a FI. FA., and we hereby waive and release all relief from any and all appraisement, stay, or exemption laws of any State, now in force, or hereafter to be passed.

Witness,

The Falls Coal Co., Ltd.

Howard Strang.   [L. S.]

H. Turner.   [L. S.]

On presentation of the above petition the court granted a rule to show cause why judgment as to Howard Strang should not be opened and defendant let into a defense. No answer appears to have been filed to the petition but depositions were taken and upon hearing the rule was made absolute and judgment opened. Plaintiff appealed.

*Error assigned* was making absolute rule to show cause why judgment should not be opened.

*Albert B. Weimer,* for appellant.—A rule to open judgment entered upon a warrant of attorney is an appeal to the equitable powers of the court: Silberman v. Shuklansky, 172 Pa. 77.

The evidence of mistake in this case is insufficient to justify the interference of a court of equity, because the defendant has been guilty of laches. The record shows that the judgment was entered on October 7, 1895, and that execution was issued thereon with a return of nulla bona. With full knowledge that the judgment was entered against him personally, he delayed for nearly three years in taking any steps to open the judgment: Brown v. Buena Vista, 95 U. S. 157; Ware v. Baldwin, 7 Kulp, 278; Dynamite Co. v. Jones, 5 Kulp, 150.

The evidence is not clear, precise and indubitable and is not that of two witnesses.

The defendant testified merely to an intention. The substance of defendant's testimony is that he intended to write the words secretary and treasurer after his name, and that he neglected to do so. Such evidence is surely insufficient to vary a written instrument and to take away a substantial right. Even if such a mistake had been made the defendant has no right to correct it at this late day, and after the plaintiff had been subjected to large expenses in costs and counsel fees in the case.

The defendant is personally liable for the debt for which judgment is entered, apart from any question relating to the note: Act of May 10, 1889, P. L. 183.

*Francis S. Cantrell, Jr.,* with him *Francis S. Cantrell,* for appellee.—There was no answer filed in court by the plaintiff to that petition and under Rule 1, paragraph 4 of the court of common pleas of Philadelphia county, the averments therein must be taken as true: Russell's Appeal, 93 Pa. 384.

An application founded upon affidavit to open judgment is an appeal to the discretion of the court and the Supreme Court will not reverse if that discretion is rightfully exercised: Kneedler's Appeal, 92 Pa. 428; Wernet's Appeal, 91 Pa. 319.

There is no personal liability upon one who signs a note in his official capacity: Markley v. Quay, 8 W. N. C. 145; Newlin v. Building Society, 9 W. N. C. 220; Roberts v. Austin, 5 Wh. 313.

"If the objections to a judgment are meritorious, the court will not refuse to open it for mere delay in presenting the petition:" Steckel v. Steyer, 1 Northam. 363.

OPINION BY SMITH, J., November 21, 1898:

Judgment was entered in this case September 30, 1895, on a judgment note against The Falls Coal Company and Howard Strang. On May 17, 1898, Strang petitioned the court for a rule to open the judgment and let him into a defense, alleging that the judgment was given for a debt of the coal company of which he was secretary and treasurer; that when he signed the note it was understood that he assumed no personal liability, and merely signed in his official capacity, as secretary and treasurer, in order to make the note good against the company; that the plaintiff having threatened suit against the coal company, he agreed, as its secretary, in order to save expense and trouble, to confess judgment against the coal company for its indebtedness to the plaintiff, but that in doing so he neglected to place after his signature, his title as secretary and treasurer of the company.

The petition is inartistically drawn and fails to present the material averments, with fullness and accuracy. The defense aimed at can only be found through the reasonable inference to be drawn from the whole instrument. However, the court below evidently deemed it sufficient, preliminarily, to support the rule asked for, and the same was granted. Depositions were taken when both parties were represented and offered testimony touching the merits of the question raised under the rule. The court made the rule to open the judgment as to Strang absolute and from this order the plaintiff appealed.

The appellant's contention that in order to have the judgment opened there must be more than oath against oath; that

where the defendant's material allegations are contradicted by the testimony of the plaintiff, some material circumstances corroborative of the defendant's testimony must be shown, in order to have the judgment opened, is undoubtedly correct, and if there was nothing else in this case it would have been the duty of the court to discharge the rule.

But a more important point has been raised by the appellees. Under the rules of the court below, unless the averments of the petition are denied by answer under oath, they shall be taken as admitted for the purposes of the rule.    The rule is as follows : " All averments in petitions or affidavits on which rules or citations have been granted, shall be taken as admitted for the purposes of the rule or citation unless the opposite party shall deny the same in answer under oath to be filed in the cause, or aver that he has no knowledge, information or belief on the subject and requires proof of the same."    The existence of this rule is not denied and there is no allegation that the plaintiff filed an answer to the petition.    The record is silent on that question.    Apart from the depositions, therefore, the defendant had a right to have the averments of the petition " taken as admitted for the purposes of the rule."    In the absence of an answer or an adequate reason for default in this respect, the court had a right to make the rule absolute : Russell's Appeal, 93 Pa. 384.    The sufficiency of the petition and depositions was within the discretion of the court below, and we cannot say that this discretion was improperly exercised.

The order of the court below is affirmed.