# Lockard, Appellant, *v.* Keyser.

*Practice, C. P.—Judgment for want of appearance—Opening judgment.*
Where a defendant mistakenly assumes that the return day mentioned in a summons is a day appointed for the trial, and he writes to his attorney telling him that he is ill, and requesting him to have the trial postponed, and the defendant is in fact ill several days both before and after the return day, and judgment is entered two days, after the return day,

and three days thereafter defendant swears to a petition for a rule to open the judgment, which rule is granted ten days afterwards, the defendant sufficiently accounts for his delay, and if he otherwise has a good defense, the judgment will be opened.

*Judgment—Opening judgment—Equitable principles—Evidence.*

On an application to open a judgment the court is governed by equitable rules, and a responsive answer to the petition must be overcome by the evidence of two witnesses, or of one witness and corroborating circumstances.

Where a judgment has been entered in an action to recover for alleged services as clerk, and a petition to open the judgment denies that the plaintiff was ever employed as a clerk, but avers that the plaintiff and defendant were partners, and the answer while denying a partnership admits that plaintiff and defendant held themselves out as partners, the rule to open the judgment will be made absolute.

Argued April 16, 1901.   Appeal, No. 58, April T., 1901, by plaintiff, from order of C. P. Fayette Co., March T., 1899, No. 291, making absolute a rule to open judgment in case of William Lockard v. Thomas J. Keyser.   Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Rule to open judgment.

The material portions of the petition for the rule were as follows :

That at the time of the return of the writ issued in the above case, your petitioner was sick and unable to come from his home at Point Marion to Uniontown in said county ; that shortly before the return day, he sent a letter to his attorney, D. M. Hertzog, asking him to attend to the matter for your petitioner ; that he is now informed by his said attorney, that because of his being engaged in other matters, he allowed the return day to pass without entering an appearance, and upon the second day after the return day thereof, to wit: February 23, 1899, the plaintiff by his attorney entered judgment against the petitioner for the sum of $830.65.

Your petitioner further represents that he has a just and complete defense to the whole of plaintiff's claims as follows :

Your petitioner denies that he ever employed the said William Lockard in and about the management and control of his merchandising business for the period of twenty-one months

and eighteen days from April 13, 1891, to February 1, 1893, as alleged in plaintiff's statement, nor for any other period in such capacity. On the contrary, your petitioner admits that during the period mentioned in plaintiff's statement, the said William Lockard and your petitioner were engaged in the merchandising business at Point Marion in said county, as partners, under the firm name, " William Lockard & Company, " that as such partners, they bought and sold goods, and that after the close of their said business, there has never been a full and complete settlement, but that if such settlement should be made, your petitioner believes that instead of his being indebted to the said Lockard, he, the said Lockard, would be indebted to your petitioner.

Your petitioner further denies, that he ever paid said Lockard any sum either in goods or in cash, for any services as clerk in said business, but that the account referred to in plaintiff's statement represents goods used by the said Lockard while he was engaged in the partnership aforesaid, and for which he should be charged on a final settlement of the said partnership affairs. Your petitioner further represents, that if the said Lockard received cash to the amount of $165, as alleged in his statement, the said cash must have been received by him from accounts due and owing by customers to the said partnership, and with which he should also be charged in said settlement.

Your petitioner further represents that during a considerable portion of the time of which the said partnership was in existence, your petitioner was sick and unable to attend to the same, and the management thereof was left wholly in the hands of the said Lockard, and that the said Lockard, so mismanaged the said business as to incur a large indebtedness against the firm, which your petitioner has since been obliged to pay, and the losses sustained by your petitioner thereby, were largely in excess of all capital invested by said Lockard in the said concern.

The defendant filed an answer which was in part as follows:

The plaintiff denies that he from April 13, 1891, to February 1, 1893, or at any other time, was engaged in the merchandising business at Point Marion or any other place, as a partner with Thomas J. Keyser, under the firm name of " William Lock-

ard & Company," but admits that during the time he, the said William Lockard, was in the employ of the said Thomas J. Keyser, as clerk, to wit: from April 13, 1891, to February 1, 1893, that he did permit the said Thomas J. Keyser to use his name, in conducting his, the said defendant's, merchandising business, and that the same was conducted under the name, "William Lockard & Company."

The court made absolute a rule to open judgment.

*Error assigned* was the order of the court.

*E. C. Higbee*, of *Sterling, Higbee & Dumbauld*, for appellant.—A responsive answer can only be overcome by two witnesses, or one witness with strong corroborating circumstances: Reed's Appeal, 7 Atl. Repr. 174; Bailie v. Bailie, 166 Pa. 472; Hoffman v. Jacobs, 12 Lanc. 25.

*D. M. Hertzog*, for appellee, cited: Eaton's App., 66 Pa. 485; Kelber v. Pittsburg Nat. Plow Co., 146 Pa. 485; Green v. Boyd, 13 Pa. Superior Ct. 651.

OPINION BY W. D. PORTER, J., July 25, 1901:

This is an appeal by the plaintiff from the order of the court below opening a judgment entered against the defendant, in default of an appearance and affidavit of defense. It is contended by the appellant that the evidence presented to the court below did not, for two reasons, warrant the opening of the judgment: 1. It was not sufficient to excuse the failure of the defendant to appear and file his affidavit of defense. 2. The allegations of fact relied on by the defendant as a defense upon the merits were denied by the answer of plaintiff and lacked corroboration. The defendant was a man over seventy years of age and lived in a part of Fayette county remote from Uniontown, the county seat. The summons were served on February 4, and was returnable on Monday, February 20, 1899. The defendant understanding the summons to be a notice to appear for the trial on the return day, wrote to his attorney on February 15, stating that he was sick and asking him to have the trial postponed, but that he would come to town that week if he could; to this letter he the next day added a postscript stating that his condition was worse and that he did not expect to be able to go

down. The judgment in default was entered February 22, and the appellant's paper-book states that the petition to open the judgment was sworn to on February 25, and the rule to show cause was granted by the court on March 7, 1899. The defendant took the depositions of witnesses in support of this rule, and if their testimony is to be believed the learned court below was guilty of no abuse of discretion when it held that the defendant had satisfactorily accounted for the delay in presenting his defense. The testimony of the physician who attended the defendant during his illness would certainly warrant a finding that the defendant was not able to attend to business of this nature for some days both before and after the return day of the writ. The judgment havir g been regularly entered, however, it was incumbent upon th defendant to show that he had a defense upon the merits or it ought not to have been opened.

The plaintiff's claim was for the value of his services " as clerk in and about the management and control of defendant's merchandising business for a period of twenty-one months and eighteen days, to wit: from April 13, 1891 to February 1, 1893." The defendant in his petition to open the judgment swore that he had never employed the plaintiff as clerk, and that the merchandising business in question was carried on, during the entire period mentioned, by the plaintiff and defendant as partners, under the firm name of " William Lockard & Co.," that as such partners they bought and sold goods, that the partnership business had never been settled, that during Lockard's management of the business a large indebtedness had been incurred against the firm which the defendant had been obliged to pay, and that upon a settlement of the partnership business Lockard would be indebted to the defendant. The plaintiff filed an answer to this petition, and one of the paragraphs of that answer contains an explicit denial that any partnership ever existed between the parties. If the answer had stopped there the case would have been one of oath against oath. It is well settled that a petition to open a judgment is an invocation of the equitable powers of the court and that it must be disposed of in accordance with equitable principles. " The judge to whom the application is made acts as a chancellor, and upon appeal, this court will only see that his discretion has been properly exercised. It is difficult to lay down the precise meas-

ure of proof which should move a chancellor to open a judgment. That he may not act unless there is more than oath against oath, is a familiar rule in chancery practice. When there is more than this, and it comes to a question of the weight of the evidence, it is for him to decide to which side the scales incline. If he is in doubt about this question, or as to the credibility of witnesses, a prudent course would suggest the aid of a jury:" Jenkintown N. Bank's Appeal, 124 Pa. 337. So long as the court below acts within the limits of the discretion with which it is invested the appellate court will not review the wisdom of the conclusion reached, the judgment may only be reversed because of an abuse of discretion : Kelber v. Pittsburg Nat. Plow Co., 146 Pa. 485; Green v. Boyd, 13 Pa. Superior Ct. 651. When the averments of fact upon which the defendant relies as a defense upon the merits are contradicted by the plaintiff under oath, the defendant must be sustained by corroborative evidence in order to have the judgment opened: Heilner v. Falls Coal Co., 9 Pa. Superior Ct. 78. It must not be understood however that the testimony of disinterested witnesses is always essential, the corroborative evidence may be found in some fact or circumstance admitted by the plaintiff to be true. The plaintiff's statement in this case does not aver an express contract to pay him wages as a clerk, but relies upon an allegation that he rendered the services and that they were worth the amount stated. The plaintiff's answer to the petition of the defendant to open the judgment does not stop with a denial of the material fact that there was a partnership, but goes on and admits that he and the defendant had held themselves out to the world as partners, bought and sold goods in the firm name, and that after the merchandising business had ceased he continued to collect debts due, under the name of " William Lockard & Co." When parties hold themselves out to the world as partners it is evidence of the existence of a partnership. The defendant might have called as witnesses those with whom they dealt, and thus established that material fact, but the answer of the appellant rendered it unnecessary: out of the plaintiff's own mouth came all the corroborative evidence which for the purposes of this case was required of the defendant. There was no abuse of discretion in opening this judgment.

The judgment is affirmed.