# Gottlieb, Appellant, *v.* Middleberg.

*Judgment—Married women—Striking off judgment.*

A judgment entered against a married woman on a note which she did not sign, which was not signed for her by anyone authorized so to do and never ratified by her, will be stricken from the record.

A judgment entered wholly without authority is no judgment at all so far as it affects the right of the defendant.

*Judgment—Opening judgment—Evidence.*

On a rule to open a judgment entered on a note, where the defendant sets up and testifies to a state of facts which if true, constitutes a good defense, and he is corroborated by one or more witnesses or circumstances which are equivalent to at least another witness, it is within the sound discretion of the judge below, acting as a chancellor to decide on which side the scales incline; and if he decides to open the judgment, his discretion in the absence of manifest error will not be reversed by the appellate court.

Argued Oct. 6, 1903. Appeal, No. 243, Oct. T., 1903, by plaintiff, from order of C. P. No. 5, Phila. Co., June T., 1902, No. 3364, striking off and opening judgments in case of Bernard Gottlieb v. Louis Middleberg and Annie Middleberg. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Rule to strike off judgment against Annie Middleberg.
Rule to open judgment against Louis Middleberg.
The opinion of the Superior Court states the case.

*Errors assigned* were the orders of the court, striking off and opening the judgments.

*Louis Goodfriend*, for appellant.—Where the preponderance of evidence is against the defendant the judgment will not be

opened : Essick's Appeal, 1 Mona. 588 ; Blauvelt v. Kemon, 196 Pa. 128 ; Read's Appeal, 126 Pa. 415 ; Shannon v. Castner, 21 Pa. Superior Ct. 294 ; Rishel v. Crouse, 162 Pa. 3 ; Lomison v. Faust, 145 Pa. 8 ; Oberly v. Oberly, 190 Pa. 341.

*John H. Fow,* for appellees.—While the court may not as a general rule strike off a judgment regular upon its face, yet it may do so where a judgment has been entered wholly without authority. The judgment so entered is no judgment at all so far as it affects the rights of the defendant: Bryn Mawr National Bank v. James, 152 Pa. 364.

It is a mistake to suppose that the court that granted the rule to open the judgment cannot judge of the weight of the evidence and the credibility of the witnesses : Kaier Co. v. O'Brien, 202 Pa. 153 ; Blauvelt v. Kemon, 196 Pa. 128 ; Jenkintown National Bank's Appeal, 124 Pa. 337.

OPINION BY MORRISON, J., October 30, 1903 :

On August 4, 1902, judgment was confessed and entered against the defendants, Louis Middleberg and Annie Middleberg, on an ordinary promissory note with warrant of attorney for the confession of judgment. The amount of the note was $150, with interest, and it was due in three months.

On August 6, 1902, the defendant, Louis Middleberg, presented a petition and affidavit for himself and his codefendant, and procured a rule to strike off the judgment. The plaintiff filed an answer to the rule and depositions were taken. On November 11, 1902, the rule was made absolute and the judgment stricken from the record as to Annie Middleberg, and discharged as to Louis Middleberg. On November 13, 1902, Louis Middleberg procured a rule to open the judgment as to him, to which an answer was filed and depositions taken, and after argument the court below, on December 1, 1902, made the rule absolute and opened the judgment and let Louis Middleberg into a defense.

This record, therefore, seeks to raise two questions.

First, did the court err in striking off the judgment as to Annie Middleberg, and second, was the court warranted in opening the judgment as to Louis Middleberg?

At the argument the point was made by counsel for defend-

ants that the order striking off the judgment as to Annie Middleberg and the one opening it as to Louis Middleberg are separate and distinct judgments of the court made at different dates, and that the one appeal as to both is erroneous and must be quashed. At bar we gave the counsel for plaintiff leave to elect as to which judgment the appeal should be limited, and he requested that the appeal be considered as from the order opening the judgment against Louis Middleberg. But we have read and considered the whole record, and having reached the conclusion that there was no error in striking off the judgment as to Annie Middleberg it is therefore unnecessary to enforce the rule as to a single appeal from separate judgments. The plaintiff having asked us to consider both cases by his appeal, assignments of error and arguments, cannot now be heard to complain that his appeal as to the judgment against Annie Middleberg is not properly before us. And if we affirm the judgment of the court below as to Annie Middleberg of course she and her counsel have no cause to complain. It is so clearly established that Annie Middleberg did not sign the note in question, was not present at its execution and delivery, did not authorize any one to sign for her, and never ratified the execution or delivery of the note, that the learned court below could not have done otherwise than strike off the judgment as to her. The facts as to the want of authority to execute and deliver the note as to Annie Middleberg were practically undisputed.

" A judgment entered wholly without authority is no judgment at all so far as it affects the rights of the defendant: " Bryn Mawr National Bank, Appellant, v. James, 152 Pa. 364.

It must be conceded that as to the second question, the opening of a judgment as to Louis Middleberg, there is more room for argument. It is vigorously contended, by counsel for the plaintiff, that the allegation that the note was without consideration, the defendant not being indebted to the plaintiff and not having received any money or other thing of value for the note, depends on the uncorroborated testimony of the defendant, Louis Middleberg, and therefore the note and testimony of the plaintiff and his several witnesses so strongly rebut and overthrow the testimony of the defendant and his witnesses that the court erred in opening the judgment. There can be

no question of the soundness of his position in a case where the rule applies. But it is well settled that in a case where the defendant sets up and testifies to a state of facts, which if true, constitute a good defense to the note and judgment, and he is corroborated by one or more witnesses or circumstances which are equivalent to at least another witness, it is within the sound discretion of the judge below, acting as a chancellor, to decide to which side the scales incline : Jenkintown National Bank v. Fulmor, 124 Pa. 337 ; Kaier Co., Limited, v. O'Brien, 202 Pa. 153 ; Blauvelt v. Kemon, 196 Pa. 128.

We have carefully read and considered all of the testimony in this case and cannot say that the court erred in holding the evidence sufficient to raise such a grave doubt as to the liability of the defendant on the note in question as to require the opening of the judgment and letting the defendant, Louis Middleberg, into a defense.

The assignments of error are all dismissed and the judgments affirmed at the costs of the appellant, with procedendo.