American Manufacturing Company, Appellant, v. S. Morgan Smith Company

*Judgment—Opening judgment—Setting aside—Res adjudicata.*

The reversal of an order of court striking off a judgment is not res adjudicata as to a subsequent proceeding in the lower court to open the judgment and let the defendant into a defense on the merits.

Argued March 15, 1905.   Appeal, No. 27, March T. 1905, by plaintiff, from order of C. P. York Co., Jan. T. 1903, No.

58, making absolute rule to open judgment in case of The American Manufacturing Company to use of John V. Doniphan v. S. Morgan Smith Company. Before RICE P. J., BEAVER, ORLADY, SMITH, PORTER and HENDERSON, JJ. Affirmed.

Rule to open judgment. Before STEWART, J.
The opinion of the Superior Court states the case.

*Error assigned* was the order of the court.

*Jere S. Black*, with him *Charles A. Hawkins*, for appellant.— The Superior Court has already determined that the default in this case is not excusable: American Mfg. Co. to use v. Morgan Smith Co., 25 Pa. Superior Ct. 176; Davidson v. Miller, 204 Pa. 223.

A judgment can be stricken off only for error on the face of the record or want of jurisdiction: Philadelphia v. Jenkins, 162 Pa. 451; Sweigart v. Conrad, 12 Pa. Superior 108; Germantown Brewing Co. v. Booth, 162 Pa. 100; France v. Ruddiman, 126 Pa. 257; Adams v. Grey, 154 Pa. 258. In its final order the Superior Court reinstated the judgment absolutely, and did not, as in Sweigart v. Conrad, 12 Pa. Superior Ct. 108, qualify it by stating that it was without prejudice to the right of the defendant to move to open judgment.

*Richard E. Cochran*, with him *James St. Clair McCall*, for appellee.—A court is the best interpreter of its own rules: Snyder v. Bauchman, 8 S. & R. 336; Umberger v. Zearing, 8 S. & R. 163; Sterling v. Ritchey, 17 S. & R. 263; Wickersham v. Russell, 51 Pa. 71; Frank v. Colhoun, 59 Pa. 381; Kountz v. Citizens' Oil Refining Co., 72 Pa. 392; Gannon v. Fritz, 79 Pa. 303; Collins v. Leafey, 124 Pa. 203; Brennan v. Ins. Co., 148 Pa. 199; Strouse & Co. v. Bard, 8 Pa. Superior Ct. 48; Citizens' Nat. Gas Co. v. Waynesburg Nat. Gas Co., 210 Pa. 137.

If the defendant comes forward in a reasonable time and makes proper excuse for his nonappearence, it is settled practice to open the judgment and let him into his defense: 1 Troubat & Haly's Practice, sec. 281; Kelly v. Schollenberger, 16 W. N. C. 507; Bright v. McLaughlin, 1 Pa. C. C. Rep.

296 ; Saupp v. Flanigan, 7 Pa. Dist. Rep. 604 ; Hinton v. Hart, 1 Woodward, 97 ; Green v. Boyd, 13 Pa. Superior Ct. 651 ; Lockard v. Keyser, 18 Pa. Superior Ct. 172 ; Davidson v. Miller, 204 Pa. 223 ; Brandle v. Jones, 2 Woodward, 7.

The matter is not res adjudicata : Bryn Mawr Nat. Bank v. James, 152 Pa. 364 ; Miller v. Neidzielska, 176 Pa. 409 ; Cavanaugh v. Buehler, 120 Pa. 441 ; Tams v. Lewis, 42 Pa. 402 ; Philadelphia v. Kates, 150 Pa. 30 ; Sweigart v. Conrad, 12 Pa. Superior Ct. 108 ; Silberman v. Shuklansky, 172 Pa. 77 ; Biddle v. Tomlinson, 115 Pa. 299 ; Buchanan v. Banks, 192 Pa. 516 ; Hibshman v. Dulleban, 4 Watts, 183 ; Lentz v. Wallace, 17 Pa. 412 ; Lewis & Nelson's Appeal, 67 Pa. 153 ; Kapp v. Shields, 17 Pa. Superior Ct. 524.

OPINION BY BEAVER, J., April 17, 1905 :

When this case was previously before us, American Mfg. Co. v. S. Morgan Smith Co., 25 Pa. Superior Ct. 176, the appeal was from an order making absolute a rule to show cause why the judgment entered for want of a plea should not be stricken off. The question was a purely legal one, presented upon technical grounds, and so considered by us. No alternative proposition was presented and none considered. The appellants there appealed to and relied upon the general rule that " the court will not strike off judgment for matters de hors the record." To this, however, there is added, 10 P. & L. Dig. of Dec. 16, 171, " The proper remedy in such cases being by rule to open." The essential difference between a rule to strike off and a rule to open a judgment is so marked and has been so often discussed that it is not necessary to enlarge upon it here or to refer to the authorities upon the subject. As has been said : " The practice of opening a judgment is not peculiar to Pennsylvania, though unknown to the common law. It is an appeal to the equitable powers of the court to allow a hearing on the merits from which the defendant, by adherence to the strict forms of law, would be otherwise precluded." Having been precluded by the strict forms of law in the case when it was here before, the defendant has appealed to the equitable powers of the court in the exercise of a wise legal discretion for a hearing upon the merits, upon what he claims to be substantial grounds of defense.

Although the facts as presented here are practically the same as in the former case, the remedy invoked is entirely different. The question is not res adjudicata in any sense. There seems to have been a clear misunderstanding between counsel as to the intention of the plaintiff to take judgment for want of a plea. This was probably emphasized by the decided opinion which each held as to the duty of the defendant to plead. Delay in pleading is of much less practical importance since our procedure Act of May 25, 1887, P. L. 271, in which it is provided that " The defendant shall plead to the said actions within fifteen days after the return day, and, in default thereof, the court may, on motion, direct the prothonotary to enter the plea of the general issue at any time." Under this and following acts of assembly, the court of common pleas of York county established a rule of court in reference to the taking of judgment (inter alia) for want of a plea, " subject to any order of the court for opening, setting aside or taking off the same." The latter part of this rule of court, we take it, gave no greater power to the court than it would have had, if no such proviso had been made. The power to open is clear and the grounds upon which the power was exercised such as to appeal to the discretion of the court.

The equitable grounds of relief presented in this case are quite equal we think to those relied upon in Lockard v. Keyser, 18 Pa. Superior Ct. 172.

In Davidson v. Miller, 204 Pa. 223, the two phases of this question, as presented when the case was here before and now, are considered. The whole question is briefly summed up in a Per Curiam opinion : " The judgment in this case appears to have been struck off, because there was an understanding between counsel that there should be an extension of the time within which the defendant, under the rules of court, was required to file an abstract of title. This was not ground for striking off judgment but for opening it. A judgment should be struck off only when its irregularity appears on the record. If a defendant has established ground for equitable relief from a judgment regular on its face, the proper practice is to open the judgment." The order of the court was in that case modified. This might have been done in the present case when it was before us last year but it was not asked nor considered

and, in now affirming the order of the court below, making absolute the rule to open, we do not, nor do we intend to, in any sense overrule or modify our former decision.

The order of the court below is affirmed and the appeal dismissed at the costs of the appellant.