## Italo French Produce Company *v.* Thomas, Appellant.

*Judgment—Opening judgment—Evidence—Discretion of court.*

Where the defendant sets up and testifies to a state of facts, which, if true, constitutes a good defense to a note or judgment, and is corroborated by one or more witnesses or circumstances which are equivalent to at least another witness, it is within the sound discretion of the court below, acting as a chancellor, to decide to which side the scales incline.

*Judgment—Opening judgment—Married women—Surety—Oath against oath —Oath of husband and wife.*

Where the court below refuses to open a judgment against a married woman on the ground that there was merely oath against oath, and that the testimony of the husband and wife should be counted only as that of

one witness, the order of the lower court will be reversed. In such a case the wife is a competent and independent witness.

Argued April 18, 1905. Appeal, No. 222, April T., 1905, by defendant, from order of C. P. Washington Co., Nov. T., 1903, No. 250, discharging rule to open judgment in case of Italo French Produce Co. v J. W. Thomas and Katie Thomas. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Rule to open judgment.
The opinion of the Superior Court states the case.

*Error assigned* was the order of the court.

*R. W. Irwin*, of *Irwin & Morgan*, for appellee.—Since the act of May 23, 1887, the testimony of a married woman is that of a separate witness. Hence she and her husband count as two witnesses: Guernsey v. Froude, 13 Pa. Superior Ct. 405.

*James I. Brownson*, with him *John W. Donnan* and *Alvan Donnan*, for appellee.

OPINION BY ORLADY, J., July 13, 1905:

The appellant, Katie Thomas, joined with her husband in the execution of a note for $1,000 to the plaintiff. A judgment was entered thereon, when she presented her petition to the court below, averring that she signed the note as surety for her husband, was not in any way interested in its consideration, and was not indebted to the plaintiff in any sum at the time the note was signed. After a hearing on petition, answer and testimony, the court refused to open the judgment, and the appellant brings this appeal.

It has been repeatedly held that the judge, to whom such an application is made, acts as a chancellor, and upon appeal the court will only see that his discretion has been properly exercised. It is difficult to lay down the precise measure of proof which should move a chancellor to open a judgment; yet he may not act at all, unless there is more than oath against oath, and when there is more than this, and it comes to a question of the weight of the evidence, it is for him to decide as to

which side the scales incline. If in doubt upon this question, or as to the credibility of the witnesses, a prudent course would suggest submitting it to a jury: Jenkintown Nat. Bank's Appeal, 124 Pa. 337. This court will not interfere with the finding of fact made by the court below unless plain and manifest error therein is shown. An apparent preponderance of testimony in support of the appellant's contention is not sufficient to condemn it, because in the finding of fact from evidence the credibility of witnesses is an important factor, and of this the court below had better opportunity to judge than is given to us on appeal: Commonwealth v. Stevens, 178 Pa. 543; Lockard v. Keyser, 18 Pa. Superior Ct. 172.

The court below in discharging the rule, stated: "The petitioner, Katie Thomas, having failed to satisfy us that she signed the note in question as surety for her husband, as the law requires her to do by more than oath against oath, she has failed to carry the burden cast upon her, with her signature admitted, and she has failed to bring herself within the exceptions to the proviso of the married persons' property act."

While it is true that the appellant admitted signing the note, her contention under oath that she signed it as surety for her husband was supported and confirmed by the oath of her husband; the bill of sale transferring the grocery business to J. W. Thomas alone; the notice of dissolution signed by the partners, Spassino and Thomas (the husband), in which it was stated that the business would be thereafter continued by the said J. W. Thomas; and also by other testimony. The testimony of appellee is inferentially supported by two other witnesses. The court dismissed the petition on the theory that appellant's testimony and that of her husband were to be measured as the testimony of but one witness. It is well settled that in a case where the defendant sets up and testifies to a state of facts, which, if true, constitute a good defense to a note or judgment, and is corroborated by one or more witnesses or circumstances which are equivalent to at least another witness. it is within the sound discretion of the court below, acting as a chancellor, to decide to which side the scales incline: Gottlieb v. Middleberg, 23 Pa. Superior Ct. 525. We held in Guernsey v. Froude, 13 Pa. Superior Ct. 405, that, "A married

woman has at least attained a separate existence on the witness stand, and her testimony henceforth is to be treated as if it came from a person with a mind and will of her own, and not a mere automaton without will or conscience, and wholly responsive to her husband's touch." Vide also Young v. Senft, 153 Pa. 352; Poundstone v. Jones, 187 Pa. 289; Winings v. Hearst, 17 Pa. Superior Ct. 314.

The appellant was a competent witness. Her testimony was positive and direct in denial of her liability as a maker, in which she was supported by as equally positive and direct testimony on the part of her husband, and, as above stated, by documentary evidence, which was made independent of her knowledge or will. The court does not base its conclusion upon the credibility of the witness, but rather on the legal and equitable effect to be given to the testimony of the appellant. This estimate of her testimony is in conflict with our decisions. The decree is reversed. Rule is reinstated and made absolute.