## Stoll v. Kunkel et al.

*Judgment—Opening judgment—Note given on misrepresentation—Warranty of cow.*

A judgment entered on a note will be opened where the evidence for defendant, although contradicted, tends to show that the note was given for a cow purchased at a sale, and that at the sale the auctioneer and plaintiff represented that the cow was then "straight and all right, and a fresh cow," when, in fact, she was not fresh, and was unfit for use as a milch cow.

Rule to show cause why judgment should not be opened and the defendant let into a defence. C. P. York Co., Jan. T., 1923, No. 644.

*Harvey A. Gross,* for plaintiff; *J. E. Brenneman,* for defendant and rule.

Ross, J., March 3, 1924.—It appears from the records and the evidence submitted to us that at a public sale held by the above-named plaintiff on her premises Nov. 4, 1922, the defendant, I. E. Kunkel, bought a cow at auction for $55. Under the terms of the sale, he gave his note for that amount, with C. A. Barnes as surety, payable to the plaintiff. When the note became due and payable, the defendants refused to pay and the plaintiff had it entered on the confession of judgment which was executed with the note and issued execution.

Stoll *v.* Kunkel et al.

The defendants petitioned to have the judgment opened, defendant let into a defence and execution stayed in the meantime. A rule was accordingly granted, evidence was taken, presented to the court and the case argued by the respective attorneys for defendants and plaintiff.

The defendants gave evidence that at the sale, when the cow was offered for sale by the auctioneer, it was announced by the auctioneer that "the cow was straight and all right and a fresh cow." "I bid the cow up to $50, then I walked over to Mrs. Stoll and I said, 'You say this is a fresh cow and straight and all right?' She said, 'Yes, sir; she is. She don't give as much milk as some cows, but she gives good milk.' Then I walked back and bid her up to $55, and she was knocked off to me." "I said, 'How long is the calf away from this cow?' and she said, 'About three weeks.'" "She said she was a fresh cow; that's what I wanted. I had five cows that were spring cows and I wanted a fall cow. That is the reason I bid $5 more."

This evidence of I. E. Kunkel was strongly corroborated by a number of other witnesses, and just as strongly denied by the plaintiff, Mrs. Susan Stoll, and her corroborating witnesses.

It appears from the undisputed testimony that the cow was not a "fresh cow," and that her milk was "slippery" and "bad," so that "she (the cow) was unfit to use." It also appears by the undenied testimony that the plaintiff, Mrs. Stoll, promised to take the cow back and surrender the defendant's note to him, but afterwards she changed her mind and refused to comply with the defendant's request to give him the note and "take the cow back."

The plaintiff admits that she represented to defendant, Kunkel, that "the cow was straight and all right," but she denies that she represented the cow as a "fresh cow," and denies that she told him that the calf had been taken away from her (the cow) only three weeks before the sale.

The conflict in this case seems to be largely based upon the view which the respective counsel for plaintiff and defendant take of the evidence. If the view which plaintiff's astute counsel takes is to be followed, then there was no special warranty, for he argues that the expressions which Mrs. Stoll made were only that "the cow was straight and all right," and that this expression was only a "naked averment of fact," which does not constitute a warranty. If his view of the evidence is correct, his legal proposition is correct. But the view which defendant's counsel takes of the evidence is that the representations which the auctioneer and Mrs. Stoll, the plaintiff, made were that "the cow was straight and all right," that "she was fresh and her calf had been taken away from her (the cow) only three weeks before the sale," and that those representations induced the defendant, Kunkel, to bid more for the cow and buy her. If this view which is taken by the learned counsel for the defendant is correct, then the representations which he argues induced the sale and purchase of the cow by Kunkel, the defendant, constituted an express warranty under the 12th section of the act known as the Sales Act of May 19, 1915, P. L. 543-546.

We are of the opinion that the conflict of testimony in this case and the conflict of theory are such as should be referred to a jury on the principle announced in the following cases: Italo French Produce Co. *v.* Thomas, 28 Pa. Superior Ct. 293-4-5; Weber *v.* Roland, 39 Pa. Superior Ct. 611, 616; Kemper *v.* Richardson, 72 Pa. Superior Ct. 115; Spiess *v.* Mooney, 67 Pa. Superior Ct. 9, 11.

And now, March 3, 1924, the rule is made absolute. The judgment is opened for the purpose of letting the defendants try their defence by jury.

From Richard E. Cochran, York, Pa.